IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES P. HUNTLEY,<br>    Petitioner,<br><br>v.<br><br>ERIE COUNTY COURT OF COMMON PLEAS; ERIE COUNTY EXECUTIVE/ COUNCIL; ERIE COUNTY REGIONAL CONTRACT JAIL ALBION; INMATE GENERAL WELFARE FUND; AND, PENNSYLVANIA DEPARTMENT OF CORRECTIONS; DISTRICT ATTORNEY'S OFFICE OF ERIE COUNTY,<br>    Respondents. | Civil Action No. 12-120 Erie<br><br>District Judge Sean J. McLaughlin<br>Magistrate Judge Susan Paradise Baxter |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

Petitioner, James P. Huntley, is a state prisoner currently incarcerated at the State Correctional Institution Albion ("SCI Albion"). He has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [ECF No. 4] in which he claims that a life sentence imposed upon him by the Court of Common Pleas of Montgomery County on September 9, 1985, was excessive, in violation of his constitutional rights. He seeks an order from this Court directing that he be released from custody and that he receive money damages.

This is at least the third habeas petition that Petitioner has filed in which he challenges his September 9, 1985, judgment of sentence. Because he has not received from the U.S. Court of Appeals for the Third Circuit an order authorizing this Court to consider this successive petition, as required by

1

28 U.S.C. § 2244(b)(3)(A), it is recommended that the petition be dismissed for lack of jurisdiction and that a certificate of appealability be denied.

## II.   REPORT

On September 9, 1985, the Court of Common Pleas of Montgomery County sentenced Petitioner to a term of life imprisonment on a conviction of second degree murder. [ECF No. 9, Exs. 1, 5]. He unsuccessfully challenged his judgment of sentence in state court. On or around October 27, 1998, he filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in the U.S. District Court for the Middle District of Pennsylvania in which he challenged his September 9, 1985, judgment of sentence. See Huntley v. Warden, SCI Dallas, et al., No. 3:98-cv-1754 (M.D. Pa.). That court transferred the case to the U.S. District Court for the Eastern District of Pennsylvania, and, on April 23, 1999, the Eastern District Court summarily dismissed the petition. On February 27, 2001, the U.S. Court of Appeals for the Third Circuit denied a certificate of appealability "because the appellant's claims are procedurally defaulted." See ECF Nos. 3, 5, 15 in Huntley v. Warden, SCI Dallas, et al., No. 2:98-cv-6092 (E.D. Pa.).

On or around December 15, 2011, Petitioner filed in the Eastern District Court another petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he once again challenged his September 9, 1985, judgment of sentence and in which he makes many of the same allegations that he is making in this case. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") mandates that before a petitioner may file a second or successive habeas corpus petition challenging the same judgment of sentence that he previously challenged in federal habeas, a petitioner must obtain an order from the court of appeals authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Magwood v. Patterson, — U.S. —, 130 S.Ct. 2788 (2010). Once a petitioner moves

for authorization to file a second or successive petition, a three-judge panel of the court of appeals must decide within thirty days whether there is a prima facie showing that the application satisfies § 2244's substantive requirements, which are set forth in § 2244(b)(2). See U.S.C. § 2244(b)(3)(C). AEDPA's allocation of "gatekeeping" responsibilities to the courts of appeals has divested district courts of jurisdiction over habeas petitions that are second or successive filings. Burton v. Stewart, 549 U.S. 147 (2007).

On February 22, 2012, the Eastern District Court issued an order in which it determined that Petitioner's December 15, 2011, application for habeas relief was second or successive and, therefore, was subject to the authorization requirements set out at 28 U.S.C. § 2244(b). It transferred the case to the Court of Appeals for consideration of whether Petitioner may proceed with a second or successive petition. On April 17, 2012, the Court of Appeals issued the following Order:

> Petitioner's application for leave to file a second or successive petition pursuant to 28 U.S.C. § 2244(b) is denied. Petitioner has not made a prima facie showing that his proposed successive habeas petition rests on: (1) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (2) a factual predicate that could not have been discovered previously through the exercise of due diligence and that would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty. See 28 U.S.C. § 2244(b)(2).

Order in In re: James P. Huntley, No. 12-1476 (3d Cir. Apr. 17, 2012).

A little more than one month later, on or around May 21, 2012, Petitioner filed with this Court another petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] [ECF No. 4]. He claims that the sentence imposed by the Court of Common Pleas of Montgomery County on September 9, 1985, is excessive in violation of his rights under the Eighth Amendment because it exceeds the recommended range set forth by Pennsylvania's Sentencing Guidelines. [ECF No. 4 at 2-3]. As a result, he claims, his

---

[1] Petitioner also has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 in which he is making the same claims and pursuing the same relief that he seeks in this action. That case is docketed with this Court at Huntley v. Erie County Court of Common Pleas, No. 1:12-cv-122 (W.D. Pa.).

3

sentence "lacked finality" and did not authorize his detention. He further claims that when the Pennsylvania Department of Corrections (the "DOC") took custody of him after his sentencing, it was aware that it did not have the authority to detain him. The DOC therefore contracted with "the Erie County Court of Common Pleas, its Executive/Council, its administrative contract jail Albion Warden, formerly and now Michael W. Harlow, and Records Supervisor Cheryl Gill to 'alter' cause of detainment record for express purpose to 'hold' [him] at Albion[.]" [ECF No. 4 at 3]. Petitioner also claims that when he was temporarily transferred to a prison in Muskegon County, Michigan, for service of his Pennsylvania sentence from February 17, 2010, through May 25, 2011, his underlying sentence was "cancelled/terminated." [ECF No. 4 at 3-5]. As relief, Petitioner seeks an order from this Court directing that he be released from custody.[2] [ECF No. 4 at 6].

Because Petitioner has not received authorization from the Court of Appeals to file a second or successive petition, the instant habeas petition must be dismissed because this Court lacks jurisdiction. Burton, 549 U.S. at 152-54.[3]

### B. Certificate of Appealability

Section 102 of AEDPA, which is codified at 28 U.S.C. § 2253, governs the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue...only if the applicant has made a substantial

---

[2] Petitioner also seeks an order from this Court directing that he receive "compensatory relief from each defendant" pursuant to 42 U.S.C. § 1983. [ECF No. 4 at 1]. Money damages are not available in a habeas corpus action. See, e.g., Preiser v. Rodriguez, 411 U.S. 475, 494 (1973) (explaining that "if a state prisoner is seeking damages, he is attacking something other than immediate or more speedy release – the traditional purpose of habeas corpus. In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy."); Marine v. Quintana, 347 F.App'x 736 (3d Cir. 2009) (affirming that money damages are not available in a habeas action).

[3] The Erie County District Attorney's Office has filed a motion to transfer the duties to file an Answer to the Montgomery County District Attorney's Office [ECF No. 6] because Petitioner's judgment of sentence was imposed by the Court of Common Pleas of Montgomery County. Because this case must be dismissed for lack of subject matter jurisdiction, the undersigned will, by separate order, dismiss as moot the Erie County District Attorney's motion.

showing of the denial of a constitutional right." In Slack v. McDaniel, 529 U.S. 473, 474 (2000), the Supreme Court stated that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Applying this standard here, jurists of reason would not find it debatable whether the instant petition is a successive petition. Accordingly, a certificate of appealability should be denied.

### III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the petition for a writ of habeas corpus [ECF No. 4] be dismissed and that a certificate of appealability be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed to file objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

/s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

Dated: September 5, 2012

cc: Sean J. McLaughlin
    United States District Judge